**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30195 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00058-TMB-1 |
| v. | |
| LONNY GLENN ENNEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 4, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Lonny Glenn Ennen appeals from the district court's order denying his

motion to suppress evidence obtained following the issuance of a search warrant by

a state magistrate. Because we conclude that the entry into Ennen's home, which

led to the issuance of the warrant, did not violate Ennen's rights under the Fourth

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Amendment, and because probable cause supported issuance of the warrant, we affirm.

We review the district court's denial of a motion to suppress de novo. *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011). Factual findings made at the suppression hearing are reviewed for clear error. *Id.*

Ennen has not demonstrated that the district court clearly erred in determining that he consented to the Alaska State Troopers' entry into his home. Trooper Cook testified at the suppression hearing that, when Ennen opened the door in response to his announcement that he had a warrant for Ennen's arrest, Ennen stated, "Come on in." The fact that the district court stated that Ennen's invitation was not "discernible" on the audio recording of the encounter does not support Ennen's contention that he did not consent.

Once inside the cabin, the Troopers smelled the odor of growing marijuana plants. They also saw a triple-beam scale on a shelf and a bright white light emitting from a back room. These facts, among others, were alleged in the affidavit that was submitted in support of the application for a state search warrant. The presence of the scale, which could have been used for weighing marijuana for sale, together with the odor, was sufficient to demonstrate that there was probable cause to believe that Ennen was engaged in growing marijuana for distribution.

*See United States v. Noster*, 590 F.3d 624, 629-30 (9th Cir. 2009) ("[P]robable cause exists where under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime."), *cert. denied*, 130 S. Ct. 2362 (2010). Accordingly, we need not consider whether the discovery of the evidence found in the back room prior to the issuance of the search warrant was lawful. The district court did not err in concluding that the search warrant was valid.

**AFFIRMED.**